JS-6

**SCHEPER KIM & HARRIS LLP**
ALEXANDER H. COTE (Bar No. 211558)
Email: acote@scheperkim.com
MARGARET E. DAYTON (Bar No. 274353)
Email: pdayton@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, CA  90071-2025
Telephone: (213) 613-4655
Facsimile:  (213) 613-4656

Attorneys for Plaintiffs Ashland Inc., a Kentucky corporation. and Ashland Licensing and Intellectual Property LLC, a Delaware limited liability corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ASHLAND INC., a Kentucky corporation; and ASHLAND LICENSING AND INTELLECTUAL PROPERTY LLC., a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>DLP BROTHERS INC., a California corporation, d/b/a VALVOLINE OIL CHANGE & SERVICE CENTER;<br><br>Defendant. | CASE NO. SACV-14-105-DOC (JPRx)<br><br>**PERMANENT INJUNCTION AND JUDGMENT  [10]**<br><br>Hearing Date:<br>Time:<br>Courtroom:<br><br>Honorable David O. Carter |

DAVID O. CARTER, District Judge.

The Court, pursuant to a Stipulation for Entry of Permanent Injunction and Judgment ("Stipulation"), and separate Settlement Agreement and Mutual Release between Plaintiffs Ashland Inc. and Ashland Licensing and Intellectual Property LLC (collectively, "Plaintiffs" or "Ashland"), on one hand, and Defendant DLP Brothers Inc. ("Defendant" or "DLP"), on the other, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction and judgment shall be and hereby is entered against DLP in the above-referenced matter as follows:

1. PERMANENT INJUNCTION. DLP and any person or entity acting in concert with, or at their direction, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which they may exercise control, are hereby restrained and enjoined, pursuant to 15 U.S.C. §1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world without the written consent of the Plaintiff or its authorized agents:

    a. copying, manufacturing, importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any of Plaintiffs' VALVOLINE® trademark and/or any other of Plaintiffs' trademarks that incorporate the Valvoline name, including, but not limited to, "Valvoline," "V®" trademarks and "Valvoline Instant Oil Change" (collectively, "VALVOLINE® MARKS"), copyrights, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiffs' VALVOLINE® MARKS or copyrights, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation,

television, web-based or any other program, or any product or service, or otherwise;

      b.    performing or allowing others employed by or representing Defendant, or under their control, to perform any act or thing which is likely to injure Plaintiffs, any of its VALVOLINE® MARKS, copyrights, and/or any intellectual property, and/or Plaintiffs' business reputation or goodwill, including making disparaging, negative, or critical comments regarding Plaintiffs or their products;

      c.    engaging in any acts of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, federal or common law copyright infringement, or other act which would tend to damage or to injure Plaintiffs' marks including, without limitation, answering phone calls using "Valvoline" as part of the answer or otherwise during the phone call and using any means utilizing VALVOLINE® MARKS to promote Defendant's business including without limitation the car shown on Exhibit 1 attached hereto; and/or

      d.    using any Internet domain name or website that includes any of Plaintiffs' trademarks, copyrights, and/or any intellectual property including the VALVOLINE® MARKS and works.

    2.    Defendant is ordered to deliver immediately for destruction all unauthorized products, including counterfeit VALVOLINE®-branded products, and all labels, signs, prints, packages, wrappers, receptacles and advertisements in Defendant's possession or under Defendant's control bearing any of Plaintiffs' VALVOLINE® MARKS, copyrights, and/or intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, to the extent that any of these items are in Defendant's possession.

    3.    Defendant shall, within 14 days after the entry of the Injunction, use its best efforts to withdraw or delete any domain marks, meta data and any other

1  electronic uses of the VALVOLINE MARKS including removing the Valvoline
2  Instant Oil Change listing for 5941 Bell Road, Cypress, California 90603 in the
3  following web listings: www.citysearch.com, www.yellowpages.com,
4  www.yahoo.com, www.merchantcircle.com, www.insiderpages.com, and
5  www.whitepages.com. Within 20 days after the entry of the Injunction, Defendant
6  shall submit to Mr. Vernon Venne, at vfvenne@ashland.com, evidence of
7  Defendant's compliance with the terms of this paragraph.
8      4.   This Permanent Injunction shall be deemed to have been served upon
9  Defendant at the time of its execution by the Court, and Judgment is hereby entered
10 upon entry of this Permanent Injunction.
11     5.   The Court finds there is no just reason for delay in entering this
12 Permanent Injunction and, pursuant to Rule 65(d) of the *Federal Rules of Civil*
13 *Procedure,* the Court directs immediate entry of this Permanent Injunction against
14 Defendant.
15     6.   NO APPEALS AND CONTINUING JURISDICTION. No appeals shall
16 be taken from this Permanent Injunction, and the parties waive all rights to appeal.
17 This Court expressly retains jurisdiction over this matter to enforce any violation of
18 the terms of this Permanent Injunction.
19     7.   NO FEES AND COSTS. Each party shall bear its or his/her own
20 attorneys' fees and costs incurred in this matter.
21     8.   DLP agrees that in the future if the Court determines that DLP has
22 violated any term of this Permanent Injunction that Ashland shall be awarded twice
23 the amount of its attorney fees and costs in proving that there has been a violation.

    IT IS SO ORDERED, ADJUDICATED and DECREED this 19th day of
March, 2014.

*David O. Carter*
_____
David O. Carter
United States District Judge